# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER R. LUTE, | CASE NO. 1:08-cv-001981-SMS PC |
| Plaintiff, | ORDER FINDING SERVICE OF COMPLAINT APPROPRIATE, AND FORWARDING SERVICE DOCUMENTS TO PLAINTIFF FOR COMPLETION AND RETURN WITHIN THIRTY DAYS |
| v. | |
| R. BEERS, et al., | |
| Defendants. / | (Doc. 1) |

**Screening Order**

Plaintiff Christopher R. Lute is a state prisoner, proceeding *pro se* and in *forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on December 30, 2008. He consented to the jurisdiction of a U.S. magistrate judge on January 6, 2009.

**I.   Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

///

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to § 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009), *citing* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949, *quoting* Twombly, 550 U.S. at 555. While factual allegations are accepted as true, legal conclusions are not. Ibid.

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." Id. at 555 (*citations omitted*). A plaintiff must set forth "the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Id. at 555-56 (*internal quotation marks and citations omitted*). To adequately state a claim against a defendant, plaintiff must set forth the legal and factual basis for his claim.

In screening a complaint, a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003), *quoting* Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); *see also* Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'"), *quoting* Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir.

2001).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."  Neitzke v. Williams, 490 U.S. 319, 330 n. 9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled."  Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997), *quoting* Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II.     Plaintiff's Claim

### A.     Factual Background

Plaintiff, an inmate at California State Prison, Corcoran ("CSPC") was beaten and injured on April 13, 2008, by three correctional officers, defendants R. Beers, S. Longoria, and E. Torres.  Plaintiff lay on the rotunda floor in full waist chains, restrained by Longaria, who held the chains.  Three times, Beers dropped unto plaintiff from a standing position, putting his knee into plaintiff's left side and ribs with his full weight behind the blow. Before applying leg irons to plaintiff, Torres beat plaintiff's kidneys, body, head and legs with his closed fists.  Plaintiff suffered a broken rib.

### B.     Eighth Amendment Claim - Cruel and Unusual Punishment

Plaintiff claims that the defendants' beating deprived him of his Eighth Amendment right to be free of cruel and unusual punishment.  "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ."  Hudson v. McMillian, 503 U.S. 1, 8 (1992).  "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency."  Id. *(internal quotation marks and citations omitted)*.  The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident.  Id. at 9; *see also* Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Hudson, 503 U.S. at 7.  "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship

3

between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Ibid. (*internal quotation marks and citations omitted*).

Plaintiff's description of an assault that included Longoria's restraining plaintiff while Torres beat plaintiff with his fists and Beers bludgeoned plaintiff with his knee is sufficient to state a claim against the defendants.

### III. Conclusion and Order

Having screened plaintiff's complaint pursuant to 28 U.S.C. § 1915A, this court finds that it states cognizable claim under the Eighth Amendment against defendants Beers, Longoria and Torres for use of excessive force. Fed. R. Civ. P. 8(a); Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512-15 (2002); Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004); Jackson v. Carey, 353 F.3d 750, 754 (9th Cir. 2003); Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125-26 (9th Cir. 2002).

Accordingly, it is HEREBY ORDERED that:

1. Service is appropriate for the defendants.
2. The Clerk of the Court shall send plaintiff three (3) USM-285 forms, three (3) summonses, a Notice of Submission of Documents form, an instruction sheet and a copy of the plaintiff's complaint filed December 30, 2008.
3. Within **thirty (30) days** from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the court with the following documents:
    a. Three completed summonses;
    b. One completed USM-285 form for each defendant listed above; and
    c. Three (3) copies of the endorsed complaint filed December 30, 2008.
4. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

5. **The failure to comply with this order will result in a recommendation that this action be dismissed.**

IT IS SO ORDERED.

Dated:   September 8, 2009                           /s/ Sandra M. Snyder
                                                     UNITED STATES MAGISTRATE JUDGE