# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER R. LUTE,<br><br>               Plaintiff,<br><br>     v.<br><br>R. BEERS, et al.,<br><br>               Defendants.<br>_____/ | CASE NO. 1:08-cv-01981-SMS PC<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS TO COMPEL, AND DENYING PLAINTIFF'S REQUEST FOR EXPENSES<br><br>(Docs. 31, 32, and 33)<br><br>THIRTY-DAY DEADLINE |

**Order on Plaintiff's Motions to Compel**

**I.    Procedural History**

Plaintiff Christopher R. Lute, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 30, 2008.  This action is proceeding against Defendants Beer, Longoria, and Torres on Plaintiff's Eighth Amendment excessive force claim, which arises from an incident on April 13, 2008, at California State Prison-Corcoran.  Pending before the Court are Plaintiff's motions to compel, filed September 16, 2010, September 24, 2010, and September 27, 2010.  (Docs. 31-33.)  The motions have been deemed submitted, following receipt of Defendants' oppositions and Plaintiff's reply.  Local Rule 230(l).  (Docs. 36-43.)

**II.    Request for Production of Documents, Set One**

Plaintiff seeks to compel responses to requests one, two, and five from his first request for the production of documents.

**A.**     **Standard**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). For document production requests, responding parties must produce documents which are in their "possession, custody or control." Fed. R. Civ. P. 34(a)(1). "Property is deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand." Allen v. Woodford, No. CV-F-05-1104 OWW LJO, 2007 WL 309945, *2 (E.D.Cal. Jan. 30, 2007) (citing In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995)); accord Bovarie v. Schwarzenegger, No. 08cv1661 LAB (NLS), 2011 WL 719206, at *4 (S.D.Cal. Feb. 22, 2011); Evans v. Tilton, No. 1:07CV01814 DLB PC, 2010 WL 1136216, at *1 (E.D.Cal. Mar. 19, 2010).

**B.**     **Request One**[1]

**POD 1:** "The complete prison records of Plaintiff[:]

a.     115 Rules violation report of involved staff.

b.     Incident Report of involved staff.

c.     Perscribtion [sic] glasses from I.G.I. left under verbal orders on or about March or April after my neck was slashed. I want my px glass's back!" (Doc. 31, p. 4.)

**Ruling:** Defendants objected on numerous grounds, but they produced the 115 Rules Violation Report and the non-confidential portions of the Incident Report for the incident on April 13, 2008.

Plaintiff's request is overbroad and vague, as it is not limited in terms of timeframe or documents relevant to his excessive force claim. However, assuming, as Defendants did, that Plaintiff is seeking the 115 Rules Violation Report and the Incident Report pertaining to the incident

///

---

[1] As noted by Defendants in their opposition, Plaintiff's requests as set forth in his motion to compel do not match his original requests. Plaintiff is limited to compelling responses to his requests as they were drafted and served. Therefore, the requests are reproduced from Plaintiff's document production request, which was provided by both sides.

2

1  on April 13, 2008, Defendants already produced the 115 Rules Violation Report and Plaintiff makes
2  no argument to the contrary. Therefore, Plaintiff's motion to compel production of the 115 is denied.
3        Defendants produced the non-confidential portions of the Incident Report, but relying on
4  Title 15 regulations, they declined to produce the portions deemed confidential. State prison
5  regulations do not shield Defendants from the production of discoverable documents in federal court
6  and neither do vague assertions of safety and security concerns. Defendants have identified no
7  privilege that allows them to avoid production of the report in its entirety. Compare Sanchez v. City
8  of Santa Ana, 936 F.2d 1027, 1033-34 (9th Cir. 1991) (personnel files subject to qualified official
9  information privilege); Johnson v. Runnels, No. CIV S-04-0776 LKK EFB P, 2009 WL 900755, *3
10 (E.D.Cal. Mar. 31, 2009) (setting forth the specific requirements necessary to support a claim of
11 official information privilege relating to personnel records).
12       An incident report regarding the alleged use of force on April 13, 2008, is relevant and
13 discoverable. Plaintiff's motion to compel is granted and Defendants are ordered to produce the
14 report in its entirety. Defendants may either (1) redact personal information such as social security
15 numbers and birth dates, if applicable, and produce the report to Plaintiff, or (2) submit the report
16 to the Court for in camera review, subject to the following limitation. If Defendants submit the
17 report to the Court, it must be accompanied by a brief setting forth, clearly and with specificity, what
18 portions should be redacted and why. Given that the report is discoverable and is not shielded from
19 production by any identified privilege, Defendants bear the burden of making a compelling argument
20 for redaction.
21       Finally, Plaintiff's motion to compel the production of his eyeglasses is denied. Plaintiff fails
22 to demonstrate the relevance of the glasses to his legal claim and the relevance is not readily apparent
23 to the Court.
24     **C.**    **Request Two**
25     **POD 2:** "All written statements, originals or copies, - identifiable reports about the incident
26 on 4-13-08, made by prison and civilian employees wittness's [sic]." (Doc. 31, pp. 4-5.)
27     **Ruling:** Although Defendants stated that Plaintiff failed to move to compel a further
28 response to this request, they addressed it nevertheless, and it appears to the Court that Plaintiff in

1  fact moved to compel a further response given that he listed "Request 2" at the bottom of the first
2  page of his motion.
3        Defendants produced the 115 Rules Violation Report, the non-confidential portions of the
4  Incident Report, and the staff responses to Plaintiff's inmate appeal. Although Defendants purported
5  to produce copies from the "Confidential Use of Force Critique," Exhibit B reflects the production
6  of a page of the Rules Violation Report and a mental health chrono. While these documents may
7  have been non-confidential portions of the "Confidential Use of Force Critique," they do not appear
8  to be the "Confidential Use of Force Critique" itself, and that document is subject to the privilege
9  log in Exhibit E.
10        In his motion, Plaintiff clarified that he is seeking the completed staff complaint, any Board
11  of Personnel actions, and the "Confidential Staff Inquiry." Board of Personnel documents are
12  subject to Plaintiff's fifth request and are addressed below. If a staff complaint exists, it falls within
13  the purview of Plaintiff's discovery request given that Defendants interpreted the request to include
14  Plaintiff's inmate appeal and produced those documents. That document and the "Confidential Staff
15  Inquiry" are subject to the same disclosure as the Incident Report addressed in the first request.
16  Plaintiff's request is limited to written reports regarding the incident on April 13, 2008. Such
17  documents are relevant and discoverable, and Defendants have not identified any privilege shielding
18  them from production in federal court.
19        Plaintiff's motion to compel is granted and Defendants are ordered to produce the documents
20  in their entirety, either directly to Plaintiff or for in camera review as detailed in the preceding
21  subsection.
22      **D.**    **Request Five**
23      **POD 5:** "Any action taken by the Board of Personell [sic] reguarding [sic] disciplinary action
24  reguarding [sic] the staff complaint submitted under § 148.6 battery on an inmate. Any and all
25  records reflecting leave of absence without pay as a result of incident on 4-13-08." (Doc. 31, p. 5.)
26      **Ruling:** This request is directed at documentation of any actions taken by the Board of
27  Personnel and, other objections aside, Defendants responded that no such documents exist. Absent
28  ///

the existence of evidence to the contrary, which was not provided, Plaintiff is required to accept that answer and the inquiry ends. Plaintiff's motion to compel is denied.

## II.     Request for Production of Documents, Set Two

Plaintiff seeks to compel responses to requests one, two, and three from his second request for the production of documents.[2]

### A.     Request One

**POD 1:** Plaintiff requested the following x-ray films from his medical records: ribs taken on or around April 13, 2008; spine taken on July 9, 2009; right ribs taken on March 13, 2008; and right shoulder taken on November 5, 2009. (Doc. 32, pp. 4-5.)

**Ruling:** Defendants objected on the grounds that Plaintiff has equal access to his unit health records, x-rays are considered to be contraband, the x-rays would not tend to prove any material fact given that Plaintiff is not a qualified expert, and they are not custodians of his unit health record and do not have possession and control over the records. Despite the objections, Defendants produced portions of Plaintiff's medical records.

Defendants' objections do not shield them from producing the x-rays. After making a partial production of medical records, Defendants may not claim an inability to produce the remainder. Bovarie, 2011 WL 719206, at *4. Further, Plaintiff apparently does *not* have equal access to all of his medical records given that he asserted he was not able to view the x-ray films when he reviewed his medical file. The x-rays are discoverable and Plaintiff is entitled to their production. Plaintiff's motion to compel is granted.

To the extent prison officials have legitimate security concerns over Plaintiff's possession of x-ray films in his cell or in his stored property, as the Court well imagines they do, Defendants may be heard on that issue via supplemental briefing. The burden is on Defendants to propose a solution that allows Plaintiff access to review the x-rays but avoids his possession of them in his cell or stored property (if any). For example, perhaps the x-rays may be held in the Litigation Office,

---

[2] Defendants pointed out that this was Plaintiff's third document production request. For the sake of maintaining consistency with Plaintiff's motion, the Court will refer to it as the second request. Defendants' correction of the record is noted, however.

where Plaintiff may arrange to view them. Defendants are in the best position to make that determination and they are invited to do so.

**B.     Request Two**

**POD 2:** Plaintiff sought the inmate movement sheet for the section in which the incident occurred on April 13, 2008. (Doc. 32, p. 5.)

**Ruling:** Defendants produced the movement sheet but redacted all of the inmates' names. Defendants' objections that it calls for speculation as to whether anyone witnessed the incident and that it calls for them to speculate as to who may have witnessed the incident do not hit the mark. Plaintiff is properly requesting an existing document, and he is not asking Defendants to speculate about anything or create a document. Further, although Defendants cite to privacy concerns, the Court can conceive of no legitimate privacy concern arising out of a list of names.[3] Finally, Defendants argue that Plaintiff's deposition testimony establishes that other inmates cannot see the area where the incident occurred. However, Plaintiff did not testify that there were no witnesses or that no one could have witnessed it. Plaintiff said that there is not *generally* a view. It is also possible that other inmates may have relevant knowledge of events immediately preceding or following the incident.

The document is discoverable, and Plaintiff is entitled to production of the unredacted sheet listing the inmates who were present in the section on that date. The motion to compel is granted.

**C.     Request Three**

**POD 3:** Plaintiff sought a camera to make color prints of the x-ray of his broken bones and access to a viewing room in the hospital to take photos of the x-rays. (Doc. 32, p. 5.)

**Ruling:** Plaintiff is limited to seeking the production of existing documents. While Plaintiff may seek copies of x-rays, he may not demand the production of a camera for his personal use or access to a particular physical location such as at issue here. Plaintiff's motion to compel is denied.

---

[3] While there exists a privacy right in certain confidential records, the privacy right is not absolute and discovery may be allowed if a balancing of the privacy right against the need for the information weighs in favor of disclosure. E.g., Sedaghatpour v. State of California, No. C 07-1802 WHA (MEJ), 2007 WL 4259214, *1 (N.D. Cal. Dec. 3, 2007); Allen v. Woodford, No. CV-F-05-1104 OWW LJO, 2007 WL 309485, *6 (E.D. Cal. Jan. 30, 2007); Holestine v. Terhune, No. C 99-5200 PJH (JL), 2003 WL 23281594, *10 (N.D. Cal. Nov. 21, 2003). Here, confidential records of the sort where privacy is a legitimate concern are not at issue.

6

**III. Interrogatories**

Plaintiff seeks to compel responses to interrogatory three served on Defendant Beer; interrogatories 4(b), 16, 18, and 20 served on Defendants Beer, Longoria, and Torres; and interrogatory 19 served on Defendants Longoria and Torres.

**A. Standard**

The responding party is obligated to respond to the interrogatories to the fullest extent possible, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4). The responding party shall use common sense and reason. E.g., Collins v. Wal-Mart Stores, Inc., No. 06-2466-CM-DJW, 2008 WL 1924935, *8 (D. Kan. Apr. 30, 2008). A responding party is not generally required to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made. L.H. v. Schwarzenegger, No. S-06-2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007). Further, the responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(1)(A).

**A. Defendant Beer**

**ROG 3:** On April 3, 2008, were you on duty as a correctional officer at CSP-Corcoran, SHU B yard? (Doc. 33, p. 4.)

**Ruling:** Defendant answered this interrogatory in the negative. It is unclear why the answer is not sufficient, and Plaintiff's motion to compel a further response is denied.

**B. Defendants Beer, Longoria, and Torres**

**ROG 4(b):** What is the full name, capacity and last known business and residential addresses of the individual who was your immediate superior? (Doc. 33, p. 4.)

**Ruling:** The Court finds it unbelievable that Defendants do not recall who their immediate supervisor(s) was fewer than two years ago. Defendants are required to provide the name and rank of their immediate supervisor(s) on April 13, 2008, and state if the supervisor is still employed at CSP-Corcoran. Plaintiff's motion to compel a residential address is denied.

**ROG 16:** "Did any of defendants receive injuries or time off for such injuries.

(a) Any medical claims as a result.

7

(b) Any out of pocket expenses." (Doc. 33, p. 6.)

**Ruling:** Defendants' objections on relevancy and privacy grounds are overruled in part. Each Defendant shall answer the following questions:

Were you injured as a result of the incident with Plaintiff on April 13, 2008?

If yes, did you take time off from work to recover from those injuries?

Plaintiff's motion to compel information on medical claims and/or out-of-pocket expenses, to the extent there were any, is denied.

**ROG 18:** "What were the results of such Personell [sic] claims under penal code §148.6. to the board of Personell[sic]?" (Doc. 33, p. 6.)

**Ruling:** Despite their objections, Defendants responded that no excessive force was used. Given the question and the response, it appears Defendants provided the result of the investigation into a complaint filed by Plaintiff and there is nothing further to compel. Plaintiff's motion is denied.

**ROG 20:** "Were defendants involved in any reprisals against plaintiff for filing criminal charges against defendants." (Doc. 33, p. 6.)

**Ruling:** Plaintiff's interrogatory is awkward and less than clear as phrased. Assuming Plaintiff is seeking to know whether Defendants retaliated against him for filing a misconduct complaint against them concerning the incident on April 13, 2008, Plaintiff has not demonstrated the relevance of this information and his motion to compel a response is denied.

**C.     Defendants Longoria and Torres**

**ROG 19:** "Were any defendants suspended without pay?" (Doc. 33, p. 6.)

**Ruling:** Defendants answered no to this question. There is nothing further to compel, and Plaintiff's motion is denied.

**IV.    Motion for Expenses**

In a discovery dispute such as this, the prevailing party is entitled to recover reasonable expenses incurred in bringing the motion to compel or in opposing the motion to compel. Fed. R. Civ. P. 37(a)(5). Where the motion is granted in part and denied in part, the Court may apportion reasonable expenses. Fed. R. Civ. P. 37(a)(5)(C). The Court may also decline to apportion expenses

8

if it finds the response or objection was substantially justified or circumstances make the award unjust. Fed. R. Civ. P. 37(a)(5)(A).

Plaintiff seeks expenses in the amount of $595.00 for having to bring three motions to compel. Plaintiff did not support his bare request with any evidence showing his actual expenses. Regardless, Plaintiff only prevailed on parts on his motions to compel and given that he is entitled to actual expenses only, any apportionment of expenses between the parties would lead to no recovery for Plaintiff. Accordingly, Plaintiff's motion is denied. Fed. R. Civ. P. 37(a)(5)(A)(iii).

**V.    Conclusion and Order**

Based on the foregoing, it is HEREBY ORDERED that:

1.   Plaintiff's motions to compel, filed September 16, 2010, September 24, 2010, and September 27, 2010, are granted in part as to PODs 1 and 2, Set One; PODs 1 and 2, Set Two; and ROGs 4(b) and 16 as set forth herein, and the motions are otherwise denied;

2.   Within **thirty (30) days** from the date of service of this order, Defendants shall either produce the documents at issue in PODs 1 and 2, Set One, and POD 2, Set Two, directly Plaintiff or submit them to the Court for in camera review accompanied by an explanatory brief;

3.   Within **thirty (30) days** from the date of service of this order, Defendants shall produce the x-rays sought in POD 1, Set Two, or file a supplemental brief setting forth a proposal that allows Plaintiff to view the x-rays but satisfies security concerns regarding actual possession of the x-rays;

4.   Within **thirty (30) days** from the date of service of this order, Defendants shall serve supplemental responses to ROGs 4(b) and 16; and

///
///
///
///
///

9

1           5.      Plaintiff's motion for expenses is denied.

3  IT IS SO ORDERED.

4  **Dated:     March 11, 2011**                      /s/ **Sandra M. Snyder**
                                            UNITED STATES MAGISTRATE JUDGE