# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER R. LUTE,<br><br>        Plaintiff,<br><br>    v.<br><br>R. BEERS, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:08-cv-01981-SKO PC<br><br>ORDER (1) VACATING HEARING SET FOR OCTOBER 19, 2011, AT 2:00 P.M.; (2) DENYING IN PART AND RESERVING RULING ON IN PART DEFENDANTS' MOTIONS IN LIMINE; AND (3) DIRECTING DEFENDANTS' COUNSEL TO ASSIST IN FACILITATING DELIVERY OF ORDER TO PLAINTIFF PRIOR TO WEDNESDAY, OCTOBER 19, 2011<br><br>(Docs. 54, 55, 59, and 60) |

        Plaintiff Christopher R. Lute, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 30, 2008. This action is proceeding on Plaintiff's original complaint against Defendants Torres, Longoria, and Beer for use of excessive physical force, in violation of the Eighth Amendment of the United States Constitution. Plaintiff's claim arises from an incident which allegedly occurred on April 13, 2008, at California State Prison-Corcoran (CSP-Corcoran), and this action is set for jury trial on October 25, 2011, at 8:30 a.m.

        A telephonic motions in limine hearing is currently set for October 19, 2011, at 2:00 p.m. before the undersigned. The Court has reviewed the two motions in limine filed by Defendants on October 3, 2011, and it deems a hearing on the motions unnecessary.

        Defendants' first motion requests that any testimony concerning their personal assets be postponed until the entitlement to punitive damages has been resolved. Defendants stated that the

1  Court has not ruled on their motion to bifurcate the punitive damages phase and acknowledged that
2  a ruling in their favor would render their motion in limine moot.
3        The Pretrial Order determined this issue.  In accordance with the Court's standard practice,
4  the issue of punitive damages will be bifurcated. (Pretrial Order, 9:101-3.) Defendants' motion for
5  bifurcation and motion to preclude testimony concerning their personal assets are therefore denied
6  as moot.
7        Defendants' second motion requests that Plaintiff be precluded from offering his lay opinion
8  on medical issues that require expert testimony and that Plaintiff be precluded from offering Exhibit
9  IV, because those records are irrelevant to his claim and x-rays of a spinal injury are immaterial to
10 his allegation that he suffered a broken rib.
11       These issues are best addressed at trial if and when they actually arise.  Both parties may
12 object to any testimony or exhibits they believe are objectionable, at the time they are offered and
13 in accordance with the Federal Rules of Evidence.
14       To ensure that Plaintiff is aware that the hearing has been vacated, Defendants' counsel is
15 requested to facilitate the hand delivery of this order, via the Litigation Office, to Plaintiff prior to
16 Wednesday, October 19, 2011.
17       Based on the foregoing, it is HEREBY ORDERED that:
18     1.    The motions in limine hearing set for October 19, 2011, at 2:00 p.m. is vacated;
19     2.    Defendants' motion for bifurcation and motion requesting that any testimony
20           concerning their personal assets be postponed until the entitlement to punitive
21           damages has been resolved are denied as moot;
22     3.    A ruling on Defendants' motion requesting that (1) Plaintiff be precluded from
23           offering his lay opinion on medical issues that require expert testimony, and (2)
24           Plaintiff be precluded from offering Exhibit IV, because those records are irrelevant
25           to his claim and x-rays of a spinal injury are immaterial to his allegation that he
26           suffered a broken rib is deferred until trial, at which time Defendants may raise the
27           appropriate objection if and when Plaintiff offers testimony or exhibits subject to
28           exclusion; and

4. Defendants' counsel is requested to facilitate, via the Litigation Office, the hand delivery of this order to Plaintiff prior to Wednesday, October 19, 2011.

IT IS SO ORDERED.

**Dated:   October 14, 2011**                   /s/ Sheila K. Oberto
                                                                 UNITED STATES MAGISTRATE JUDGE